Thomas H. Casey – Bar No. 138264
Steve Burnell – Bar No. 286557
LAW OFFICE OF THOMAS H. CASEY, INC.
A PROFESSIONAL CORPORATION
22342 Avenida Empresa, Suite 2003
Rancho Santa Margarita, CA 92688
Telephone:   (949) 766-8787
Facsimile:   (949) 766-9896
Email:       TomCasey@tomcaseylaw.com

Attorney for Thomas H. Casey,
Chapter 7 Bankruptcy Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA / SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ROBERT KENNETH ZIEGLER,<br><br>   Debtor.<br>_____<br><br>THOMAS H. CASEY, the Chapter 7 Trustee of the Bankruptcy Estate Of Robert Kenneth Ziegler,<br><br>   Plaintiff,<br><br>v.<br><br>DAVID SMITH, an individual;<br>FRANZ KALLAO, an individual;<br>MICHAL DAVID aka MIKI DAVID, an individual,<br><br>   Defendants. | Case No. 8:13-bk-20257-CB<br><br>Chapter 7<br><br>Adv. Proc. No.:<br><br>**CHAPTER 7 TRUSTEE'S COMPLAINT:**<br>**(1) FOR DECLARATORY RELIEF;**<br>**(2) FOR TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542;**<br>**(3) FOR AVOIDANCE OF UNAUTHORIZED POST-PETITION TRANSFERS OF ESTATE PROPERTY UNDER 11 U.S.C. §549; AND**<br>**(4) FOR RECOVERY OF TRANSFERS PER 11 U.S.C. §550**<br><br>**Status Conference**<br>[To be set by the Court] |

Thomas H. Casey, the Chapter 7 trustee ("Trustee") of the bankruptcy estate of Robert Kenneth Ziegler ("Debtor") hereby files the Chapter 7 Trustee's Complaint: (1) For Declaratory Relief; (2) For Turnover Of Property Of The Estate Pursuant To 11 U.S.C. §542; (3) For Avoidance Of Unauthorized Post-Petition Transfers Of Estate Property Under 11 U.S.C. §549; And (4) For Recovery Of Transfers Per 11 U.S.C. §550 ("Complaint") against DAVID SMITH,

1

an individual ("Defendant Smith"), FRANZ KALLAO, an individual ("Defendant Kallao"), MICHAL DAVID aka MIKI DAVID, an individual ("Defendant David"). In support thereof, the Trustee alleges the following:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §§541, 542, 549, 550, and Federal Rule of Bankruptcy Procedure 7001.

2. The instant adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O).

3. This adversary proceeding arises out of and is related to the bankruptcy case entitled *In re Robert Kenneth Ziegler*, Case No. 8:13-bk-20257-CB ("Bankruptcy Case"), commenced on December 30, 2013 in the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Court").

4. Venue properly lies in this judicial district, in that this civil proceeding arises under Title 11 of the United States Code, as provided in 28 U.S.C. §1409.

## STATEMENT OF STANDING

5. The Trustee, as the duly appointed, qualified and acting Chapter 7 trustee of the Debtor's bankruptcy estate, has standing to bring this action pursuant to 11 U.S.C. §§323, 542, 549, and 550.

## PARTIES TO THE ACTION

6. The Trustee is the duly appointed, qualified, and acting Chapter 7 trustee of the Debtor's bankruptcy estate.

7. The Trustee is informed and believes, and upon that basis alleges, that Defendant Smith is the Debtor's friend and a resident of the State of California.

8. The Trustee is informed and believes, and upon that basis alleges, that Defendant Kallao is the owner of real property located at 211 Villa Point Drive, Newport Beach, California

92660, the Debtor's landlord from June 2014 to August 31, 2014, and a resident of the County of Orange in the State of California.

9. The Trustee is informed and believes, and upon that basis alleges, that Defendant David is the owner real property located at 217 Villa Point, Newport Beach, California, 92660, Debtor's landlord from September 1, 2014 to March 1, 2015, and a resident of the County of Orange in the State of California.

## GENERAL ALLEGATIONS

10. The Trustee incorporates each and every allegation contained in all of the preceding paragraphs of the Complaint as though set forth in full herein.

11. On or about December 30, 2013 ("Petition Date"), the Debtor filed a voluntary chapter 7 bankruptcy petition. The Trustee was subsequently appointed as Chapter 7 trustee.

12. On the Petition Date, the Debtor held an interest in real property located at 211 Villa Point Drive, Newport Beach, California ("Residence").

13. The Debtor claimed the homestead exemption in the Residence in the amount of $75,000 pursuant to *Cal. Civ. P. §704.730(a)(1)* ("Homestead Exemption").

14. On March 28, 2014, the Trustee filed a motion seeking Bankruptcy Court approval to sell the Residence ("Sale Motion") to Defendant Kallao.

15. On or about April 29, 2014, the Bankruptcy Court held a hearing on the Sale Motion, at which time Debtor's counsel and the Trustee stipulated to the terms of the sale order, including the preservation of the Trustee's rights regarding the Debtor's homestead exemption funds.

16. On or about May 9, 2014, the Bankruptcy Court entered an order granting the Sale Motion and approving the sale of the Residence ("Sale Order") to Defendant Kallao.

17. The Sale Order specifically provided for, among other things, the preservation of the Trustee's rights regarding the Debtor's homestead exemption funds, including the recovery of the $75,000 homestead exemption funds should the Debtor fail to timely reinvest the homestead exemption funds as required by *Cal. Civ. P. § 704.730(a)(1)*.

18. On or about June 12, 2014, the Trustee turned over $75,000, in allowance of the Debtor's Homestead Exemption ("Homestead Funds"), to the Debtor's prior attorney, Donald W. Sieveke ("Attorney Sieveke"), to be forwarded to the Debtor.

19. The Trustee is informed, believes and thereon alleges that on or about June 18, 2014, the Debtor received the Homestead Funds from Attorney Sieveke and deposited the Homestead Funds into the Debtor's personal checking account.

20. The deadline for the Debtor to reinvest the Homestead Funds in a new homestead expired on or about December 19, 2014 ("Reinvestment Deadline").

### The Transfer of Homestead Funds To Defendant Smith

21. The Trustee incorporates each and every allegation contained in all of the preceding paragraphs of the Complaint as though set forth in full herein.

22. On or about June 19, 2015, the Debtor transferred $4,000 of the Homestead Funds to Defendant Smith ("Smith Transfer").

### The Transfer of Homestead Funds to Defendant Kallao

23. The Trustee incorporates each and every allegation contained in all of the preceding paragraphs of the Complaint as though set forth in full herein.

24. The Trustee is informed, believes, and thereon alleges that the Debtor rented a residence from Defendant Kallao from June 2014 until August 30, 2014.

25. The Trustee is informed, believes, and thereon alleges that on or about June 25, 2014, the Debtor transferred $2,500 of the Homestead Funds to Defendant Kallao ("First Kallao Transfer") as payment of rent for the month of July 2014.

26. The Trustee is informed, believes, and thereon alleges, that on or about August 1, 2014, the Debtor transferred $2,500 of Homestead Funds to Defendant Kallao ("Second Kallao Transfer") as payment of rent for the month of August 2014.

### The Transfer of Homestead Funds to Defendant David

27. The Trustee incorporates each and every allegation contained in all of the preceding paragraphs of the Complaint as though set forth in full herein.

28. On or about August 29, 2014, the Debtor entered into a six (6) month rental agreement with Defendant David ("6 Month Rental Agreement") to lease the dwelling located at 217 Villa Point, Newport Beach, California 92660, beginning September 1, 2014 until March 1, 2015.

29. The 6 Month Rental Agreement required the Debtor to pay all rent, HOA dues, and estimated utilities for the term of the lease in advance, plus a security deposit in the amount of $1,200. The total amount to be paid in advance by the Debtor was $9,780.

30. The Trustee is informed, believes, and thereon alleges that on or about August 29, 2014, the Debtor transferred $4,200 of Homestead Funds to Defendant David ("First David Transfer") in cash.

31. The Trustee is informed, believes, and thereon alleges that on or about August 29, 2015, the Debtor transferred $5,580 of Homestead Funds to Defendant David ("Second David Transfer") in the form of a personal check.

32. The $4,000 transferred to Defendant Smith, the $5,000 transferred to Defendant Kallao, and the $9,780 transferred to Defendant David are hereafter collectively referred to as the "Transferred Funds."

33. Defendant Smith, Defendant Kallao, and Defendant David are hereafter collectively referred to as the "Defendants."

34. The Smith Transfer, the First Kallao Transfer, the Second Kallao Transfer, the First David Transfer, and the Second David Transfer are hereafter collectively referred to as the "Transfers."

35. The Trustee is informed, believes, and thereon alleges, that the Transferred Funds were not reinvested in a new homestead for the Debtor prior to the expiration of the Reinvestment Deadline.

36. The Bankruptcy Case is currently pending.

///

///

# FIRST CLAIM FOR RELIEF

## [For Declaratory Relief Against All Defendants]

37.     The Trustee incorporates each and every allegation contained in all of the preceding paragraphs of the Complaint as though set forth in full herein.

38.     The Trustee is informed, believes, and thereon alleges that the Homestead Funds were exempt property of the estate, having been derived from property of the estate- the Residence- and having being claimed exempt pursuant to the Homestead Exemption.

39.     The Trustee is informed, believes, and thereon alleges that the Transferred Funds are property of the estate because the Transferred Funds were derived from the Homestead Funds.

40.     The Trustee is informed, believes, and thereon alleges that the Debtor's bankruptcy estate held a contingent, reversionary interest in the Transferred Funds.

41.     The Trustee is informed, believes, and thereon alleges that the estate's interest in the Transferred Funds reverted back to the estate because the Debtor failed to maintain the exempt status of the Transferred Funds by reinvesting the Transferred Funds in a new homestead before expiration of the Reinvestment Deadline.

42.     The Debtor failed to reinvest the Transferred Funds into a new homestead prior to the expiration of the Reinvestment Deadline.

43.     The Trustee is informed, believes, and thereon alleges that by operation of law, the Homestead Funds transformed into nonexempt property of the estate immediately after the Transfer was effectuated or upon expiration of the Reinvestment Deadline.

44.     The Transferred Funds are property of the estate and the Trustee requires a judicial declaration regarding the estate's interest in the Transferred Funds.

45.     As a result of the foregoing, the Trustee seeks a declaration of rights that the Transferred Funds are non-exempt property of the Debtor's bankruptcy estate.

///

///

## SECOND CLAIM FOR RELIEF

### [For Turnover Pursuant To 11 U.S.C. §542 Against All Defendants]

46.     The Trustee incorporates each and every allegation contained in all of the preceding paragraphs of the Complaint as though set forth in full herein.

47.     The Trustee is informed, believes, and thereon alleges that the Transferred Funds are property of the bankruptcy estate.

48.     The Transfer of the Transferred Funds occurred after the Petition Date.

49.     The Bankruptcy Case is currently pending.

50.     The Trustee is informed, believes, and thereon alleges that the Defendants are in possession of, or were in possession of, the Transferred Funds during the pendency of the Bankruptcy Case.

51.     The Trustee is informed and believes, and on that basis alleges, that the Defendants are in control of, or were in control of, the Transferred Funds during the pendency of the Bankruptcy Case.

52.     The Trustee requires turnover of the Transferred Funds so the Trustee may use the Transferred Funds for the benefit of the Debtor's bankruptcy estate.

53.     The Transferred Funds are not of inconsequential value because the Transferred Funds may be used for distribution to creditors of the Debtor's bankruptcy estate.

54.     As a result of the foregoing, the Trustee seeks turnover of the Transferred Funds, or the equal value thereof, with an accounting, in the amount of $4,000 from Defendant Smith, $5,000 from Defendant Kallao, and $9,780 from Defendant David pursuant to 11 U.S.C. §542.

## THIRD CLAIM FOR RELIEF

### [Avoidance of an Unauthorized Post-Petition Transfers of Estate Property Pursuant To 11 U.S.C. §549 Against All Defendants]

55.     The Trustee incorporates each and every allegation contained in all of the preceding paragraphs of the Complaint as though set forth in full herein.

56. The Trustee is informed, believes, and thereon alleges that the Transfers of the Transferred Funds occurred after the Petition Date.

57. The Bankruptcy Case is currently pending.

58. The Transfers were not authorized by the Bankruptcy Court or by Title 11 of the United States Code.

59. As a result of the foregoing, the Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. §549.

## FOURTH CLAIM FOR RELIEF

**[Recovery of Avoided Transfers of Estate Property**

**Pursuant To 11 U.S.C. §550 Against All Defendants]**

60. The Trustee incorporates each and every allegation contained in all of the preceding paragraphs of the Complaint as though set forth in full herein.

61. Pursuant to 11 U.S.C. §550 to the extent that a transfer is avoided under 11 U.S.C. §549, the Trustee may recover, for the benefit of the estate, the property transferred, or if the Bankruptcy Court so orders, the value of such property from the initial transferee of such transfer or the entity for whose benefit such transfer was made.

62. To the extent the Smith Transfer is avoided, the Trustee is informed, believes, and thereon alleges that Defendant Smith was the initial transferee within the meaning of 11 U.S.C. §550 of the Smith Transfer.

63. To the extent the First Kallao Transfer and the Second Kallao Transfer are avoided, the Trustee is informed, believes, and thereon alleges that Defendant Kallao was the initial transferee within the meaning of 11 U.S.C. §550 of the First Kallao Transfer and the Second Kallao Transfer.

64. To the extent the First David Transfer and the Second David Transfer are avoided, the Trustee is informed, believes, and thereon alleges that Defendant David was the initial transferee within the meaning of 11 U.S.C. §550 of the First David Transfer and the Second David Transfer.

65.    As a result of the foregoing, the Trustee is entitled to recover the Transferred Funds, or the equivalent value of such funds, transferred to the Defendants, in the amount of $4,000 from Defendant Smith, $5,000 from Defendant Kallao, and $9,780 from Defendant David pursuant to 11 U.S.C. §550.

## RELIEF REQUESTED

**WHEREFORE**, the Trustee prays that this Court enter a judgment in favor of the Trustee against the Defendants as follows:

**On the First Claim For Relief:**

a)    A declaratory judgment that the Transferred Funds are property of the Debtor's bankruptcy estate;

**On the Second Claim For Relief:**

b)    Judgment against the Defendants that the Trustee is entitled to turnover of the Transferred Funds, with an accounting, in the amount of $4,000 from Defendant Smith, $5,000 from Defendant Kallao, and $9,780 from Defendant David pursuant to 11 U.S.C. §542;

**On the Third Claim For Relief:**

c)    Judgment that the Transfers of the Transferred Funds are avoided pursuant to 11 U.S.C. §549;

**On the Fourth Claim For Relief:**

d)    Judgment that the Trustee is entitled to recover the Transferred Funds from the Defendants in the amount of $4,000 from Defendant Smith, $5,000 from Defendant Kallao, and $9,780 from Defendant David pursuant to 11 U.S.C. §550;

///

///

///

**On All Claims For Relief:**

    e)    For such other and further relief as this Court may deem necessary and proper.

Respectfully submitted,

LAW OFFICE OF THOMAS H. CASEY, INC.,
A Professional Corporation

Dated: October 13, 2015    By: _____
Thomas H. Casey, Attorney for Chapter 7 Trustee,
Thomas H. Casey for the bankruptcy estate of
Robert Kenneth Ziegler

FORM B104 (08/07)            2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Thomas H. Casey, Chapter 7 Trustee for the Estate of Robert Kenneth Ziegler | **DEFENDANTS**<br>David Smith, an individual; Franz Kallao, an individual; Michal David aka Miki David, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Law Office of Thomas H. Casey, Inc.<br>22342 Avenida Empresa, Ste. 200<br>Rancho Santa Margarita, CA 92688 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
1) Declaratory Relief; 2) Turnover of Estate Property Pursuant to 11 U.S.C. Section 542; 3) For Avoidance of Unauthorized Post-Petition Transfers of Estate Property Under 11 U.S.C. Section 549; and 4) For Recovery of Transfers Per 11 U.S.C. Section 550

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [2] 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- [3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [1] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 18,780.00 |

Other Relief Sought

FORM B104 (08/07), page 2                                                              2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** <br> Robert Kenneth Ziegler ||| **BANKRUPTCY CASE NO.** <br> 8:13-bk-20257 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California || **DIVISIONAL OFFICE** <br> Santa Ana | **NAME OF JUDGE** <br> Catherine Bauer |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| **PLAINTIFF** | **DEFENDANT** || **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** || **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> *[signature: Thomas H. Casey]* ||||
| **DATE** <br> 10/13/15 ||| **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Thomas H. Casey |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Thomas H. Casey - Bar No. 138264<br>Kathleen J. McCarthy - Bar No. 132637<br>Steve Burnell - Bar No. 286557<br>LAW OFFICE OF THOMAS H. CASEY, INC.<br>A PROFESSIONAL CORPORATION<br>22342 Avenida Empresa, Suite 200<br>Rancho Santa Margarita, CA 92688<br>Telephone: (949) 766-8787<br>Facsimile: (949) 766-9896<br>Email: Tomcasey@Tomcaseylaw.com<br><br>*Attorney for Plaintiff* | |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br>ROBERT KENNETH ZIEGLER, | CASE NO.: 8:13-bk-20257-CB<br><br>CHAPTER: 7 |
|---|---|
| Debtor(s). | ADVERSARY NUMBER: |
| THOMAS H. CASEY, Chapter 7 Trustee of estate of Robert Kenneth Ziegler,<br><br>Plaintiff(s)<br>Versus<br>DAVID SMITH, an individual; FRANZ KALLAO, an individual; MICHAL DAVID aka MIKI DAVID, an individua<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____ | Place: |
|---|---|
| Time: _____ | ☐ 255 East Temple Street, Los Angeles, CA 90012 |
| Courtroom: 5D | ☐ 3420 Twelfth Street, Riverside, CA 92501 |
| | ☑ 411 West Fourth Street, Santa Ana, CA 92701 |
| | ☐ 1415 State Street, Santa Barbara, CA 93101 |
| | ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.1) with an attachment for additional parties if necessary (LBR form F 7016-1.1a). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                        KATHLEEN J. CAMPBELL
                                        CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                        By: _____
                                                  Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                               Page 2                          **F 7004-1.SUMMONS.ADV.PROC**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

22342 Avenida Empresa, Suite 200, Rancho Santa Margarita, CA 92688

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|------|--------------|-----------|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012    Page 3    F 7004-1.SUMMONS.ADV.PROC